# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LEANDRE EUGENE HARWELL, | ) | |
| | ) | |
| Petitioner, | ) | 1:10CV761 |
| | ) | 1:04CR354-1 |
| v. | ) | 1:07CR287-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner LeAndre Eugene Harwell, a federal prisoner, has brought motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (1:04CR354-1, Docket No. 35; 1:07CR287-1, Docket No. 36.) Petitioner was indicted in case 1:04CR354-1 for possessing a firearm after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (1:04CR354-1, Docket No. 1.) He later pled guilty to that charge and was sentenced to 36 months of imprisonment, followed by three years of supervised release. (*Id*., Docket Nos. 12, 15.) Petitioner served his time and was then placed on supervised release. While on supervised release, Petitioner was indicted in case 1:07CR287-1 for again possessing a firearm after a felony conviction. (1:07CR287-1, Docket No. 1.) He pled guilty (*id*., Docket Nos. 12, 13), but this time was sentenced to 94 months of imprisonment (*id*., Docket No. 26). Also, as a result of his indictment and arrest in that case, his supervised release in

1:04CR354-1 was revoked and he was sentenced to a consecutive 14 months of imprisonment. (1:04CR354-1, Docket No. 31.)

Following an unsuccessful appeal of his later conviction (1:07CR287-1, Docket Nos. 33-35), Petitioner filed his motions under § 2255. He claims that his rights were violated, and that his later conviction and revocation were invalid, because former Assistant United States Attorney David P. Folmar, Jr. had his license to practice law suspended for a portion of the time he actively prosecuted cases in this Court. Respondent has filed responses (1:04CR354-1, Docket No. 41; 1:07CR287-1, Docket No. 41), Petitioner has filed replies (1:04CR354-1, Docket No. 43; 1:07CR287-1, Docket No. 43), and the matters are now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

## **Discussion**

Neither Folmar's connection to Petitioner's cases nor the exact nature of the alleged violation of Petitioner's rights are clear from the pleadings. Petitioner claims in his motions that Folmar prosecuted him in the 2007 case, but does not explain Folmar's role. He alleges that Folmar's actions violated his rights under the 1st, 4th, 5th, 6th, 8th, and 14th Amendments to the United States Constitution and that his guilty plea was not knowing or voluntary, apparently because his indictment was invalid due to Folmar's license suspension, but he did not know this at the time he pled guilty in the 2007 case. Petitioner does not otherwise explain his claims. In his replies, he continues these arguments and adds that Folmar was perpetrating a fraud on the Court and possibly violating criminal statutes by

acting as an Assistant United States Attorney without a proper law license. He cites to the case of *United States v. Beebe*, 180 U.S. 343 (1901) as supporting his claim, contends that Folmar's actions violated his right to discovery of exculpatory evidence, and argues that it was selective prosecution that he was charged and convicted for his crimes, but Folmar was not. All of Petitioner's arguments are without merit.

The Court first notes that it appears that Folmar played a very limited role in Petitioner's cases. Assistant United States Attorney Michael A. DeFranco is listed as the prosecutor of record in both of Petitioner's cases. Further, a review of the critical documents in the cases shows that DeFranco, not Folmar, signed the indictments, plea agreements/factual basis, and government sentencing memoranda in both of Petitioner's cases. Folmar is listed as having appeared on behalf of the government at the combined sentencing hearing for the 2007 case/revocation hearing for the 2004 case, but otherwise seems to have been uninvolved in Petitioner's cases. His claims regarding his indictments and plea agreements would fail for that reason alone.

Petitioner's claims also fail even if he can show that Folmar did play a part in his cases. Although the practice of law by an unlicensed or improperly licensed prosecutor is an unusual situation, it is not unique or unprecedented. In fact, it has occurred on several occasions in courts across the country. Most courts facing the dilemma have ruled that a defendant does not have a constitutional right to a properly licensed prosecutor, that the prosecution of a case by an unlicensed or improperly licensed prosecutor does not

automatically violate a defendant's rights, and/or that a defendant must show some sort of prejudice in order to challenge his conviction. *Hamilton v. Roehrich*, 628 F. Supp. 2d 1033, 1050-54 (D. Minn. 2009); *Munoz v. Keane*, 777 F. Supp. 282, 284-87 (S.D.N.Y. 1991), *aff'd sub nom. Linares v. Senkowski*, 964 F.2d 1295 (2d Cir. 1992); *People v. Carter*, 77 N.Y.2d 95, 106-07, 566 N.E.2d 119, 123-24 (1990); *Ali v. Minnesota*, Civil No. 09-1389, 2010 WL 145280, at *5 (D. Minn. Jan. 8, 2010). At least one court has held that a prosecution pursued by a prosecutor without a proper license is still valid because, although not qualified for her job as a prosecutor, she was nevertheless given the job by the government. This made her a "de facto officer" whose acts on behalf of the government were valid. *Parker v. United States*, Nos. 4:98CR00236 GH, 4:03CV00058 GH, 2006 WL 2597770, at *13-15 (E.D. Ark. Sept. 8, 2006); *United States v. Deaton*, Nos. 4:99CR87GH, 4:04CV2252GH, 2005 WL 1922877, at *3-5 (E.D. Ark. Aug. 9, 2005). There is a decision from Illinois in which a state court held that prosecutions by an unlicensed prosecutor are *per se* invalid. *People v. Dunson*, 316 Ill. App. 3d 760, 763-70, 737 N.E.2d 699, 702-06 (2000). However, the court in *Dunson* relied solely on state, not federal, law and declined to decide whether or not a due process violation had occurred. No case of which the Court is aware has held that there is a federal constitutional right to a properly licensed prosecutor.[1]

---

[1] Petitioner cites to *United States v. Beebe*, 180 U.S. 343 (1901), but this case does not apply. It dealt with a prosecutor who was, so far as the record in the case reflected, properly licensed, but who exceeded a prosecutor's normal, lawful authority. The present case involves a prosecutor who was not properly licensed, not one who is alleged to have exceeded the lawful authority of a prosecutor.

This Court agrees with the cases concluding that there is no general federal right to a properly licensed prosecutor and that a defendant or petitioner must ordinarily show prejudice from the lack of licensing in order to raise a claim based on a prosecutor's licensing deficiencies. Here, Petitioner has shown no such prejudice. He makes a conclusory statement that a number of his constitutional rights were violated, but has provided no basis for that statement. He claims that his indictment was invalid and that his plea was involuntary and unknowing because he was not aware of the indictment's invalidity. However, he does not explain why this is so other than to simply point to Folmar's licensing problems. As already explained, those are not enough to simply invalidate the entire case without a showing of prejudice.

Petitioner also makes conclusory allegations in his replies that his discovery rights were violated because favorable evidence was not disclosed. He identifies no such evidence, but appears to be referring to Folmar's licensing problems. Again, those problems would not have been favorable to Petitioner at the time unless he could show prejudice due to the lack of licensing. He could not then and still cannot.

Finally, Petitioner claims that selective prosecution occurred because he and Folmar both violated the law, but he was prosecuted and Folmar was not. To make out a claim for selective prosecution, Petitioner must show "(1) that he has been singled out while others similarly situated have not been prosecuted; and (2) that the decision to prosecute him was invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion,

or the desire to exercise his constitutional rights." *United States v. Greenwood*, 796 F.2d 49, 52 (4th Cir. 1986) (internal quotation marks omitted). Assuming purely for the sake of deciding this matter that Folmar's conduct may have violated some criminal statutes, Plaintiff still has no valid claim. He and Folmar were not similarly situated. Plaintiff was a felon who illegally possessed firearms on more than one occasion and, in the 2007 case, while he was already on supervised release for illegally possessing a firearm. Folmar was a prosecutor whose law license was suspended, but who continued to prosecute cases. Although this was not behavior to be in any way condoned, it was also not of the same level as Petitioner's crimes, which are of an entirely different nature altogether. Petitioner has also produced no evidence, as opposed to wholly unsupported speculation, that the decision to prosecute him was made in bad faith or for an invidious reason. His motion should be denied.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motions to vacate, set aside or correct sentence (1:04CR354-1, Docket No. 35; 1:07CR287-1, Docket No. 36) be denied and that this action be dismissed.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: May 4, 2011